UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────X

ROBERT BINYARD,

           Plaintiff,

-against-

           ORDER AND
           CIVIL JUDGMENT

LONG ISLAND JEWISH HOSPITAL,    05-CV-5258 (JG)

           Defendant.
──────────────────────────────X



JOHN GLEESON, United States District Judge:

On October 27, 2005, plaintiff filed this complaint *pro se* pursuant to Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. § 2000e *et seq.*, ("Title VII") alleging that the defendant failed to hire him on September 30, 2005. By order dated November 22, 2005, the Court directed plaintiff to file an amended complaint within twenty days. The Order further stated that if plaintiff failed to comply with the Order within the time allowed, the complaint would be dismissed for failure to state a claim upon which relief may be granted. Plaintiff has not filed an amended complaint as directed by the Court's Order.[1] Accordingly, it is,

---

[1] On December 7, 2005, plaintiff sent a letter to the Court to comment on a letter he had received from counsel for the defendant. Plaintiff's sole reference to his claim is: "As for the case against the hospital[,] [t]here were the appropriate steps that were taken through E.O.E." December 7, 2005 letter at 1. Even if I were to liberally construe this submission as responsive to the Court's Order, plaintiff has not stated a claim against defendant because plaintiff fails to set forth what form the purported discrimination took or allege any facts from which the court could infer the basis for the purported discrimination. Swierkiewicz v. Sorema, 534 U.S. 506, 511-512 (2002) (an employment discrimination complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." ) (quoting Fed.R.Civ.P. 8(a)(2)). Plaintiff has not submitted any other documents.

1

**ORDERED, ADJUDGED AND DECREED**: That the complaint is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: Brooklyn, New York
       Jan 18, 2006

s/John Gleeson  1-18-06
JOHN GLEESON, U.S.D.J.